FILED
United States Court of Appeals
Tenth Circuit

March 28, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LARAY UZOCHUKWU,

Plaintiff - Appellant,

v.

SGT. ROODY; SGT. AUSTIN; MAJOR
BUTLER; LT. MEAD; OFFICER DYKES;
OFFICER PETERING; CAPT. JONES;
SGT. ROBERTS; OFFICER BRIENTON,

Defendants - Appellees.

No. 11-6325

W.D. Oklahoma

(D.C. No. 5:11-CV-00243-HE)

ORDER AND JUDGMENT[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

After examining the appellate briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

adjudication of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Oklahoma state prisoner Laray Uzochukwu filed a civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983. During the relevant time period, Uzochukwu was confined at the Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. Uzochukwu admits he "got into a verbal confrontation" with a corrections officer on January 19, 2011. He alleges corrections officers then assaulted him, placed him in administrative segregation, and strip searched him. According to Uzochukwu, he was escorted naked through the unit in full view of other inmates and staff. He also claims he was denied medical attention and not given bedding or clothing for several hours. His complaint alleges he was subjected to excessive force and denied medical care, in violation of the Eighth Amendment. The complaint also includes a Fourteenth Amendment equal protection claim and a Fourth Amendment claim relating to the strip search.

Defendants moved for summary judgment, arguing Uzochukwu failed to exhaust his administrative remedies. The matter was assigned to a magistrate judge who ordered Defendants to submit a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (en banc). The *Martinez* report included information on the Oklahoma Department of Corrections ("ODOC") offender grievance process. After reviewing Uzochukwu's complaint, the *Martinez* report, and Defendants' motion, the magistrate judge recommended granting Defendants' motion for summary judgment. The district court agreed that Uzochukwu failed

to exhaust his administrative remedies and granted summary judgment in favor of Defendants. Uzochukwu now appeals.

This court reviews de novo "the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"), "available" administrative remedies must be exhausted prior to filing a § 1983 action with respect to prison conditions. 42 U.S.C. § 1997e(a). The LCF follows the standard grievance procedures adopted by the ODOC.

> The ODOC has a four-step process for administrative exhaustion of prisoner claims. Initially, a prisoner must seek to resolve any complaint by informally raising the matter with an appropriate staff member. If the matter is not resolved informally, the prisoner must submit [a Request To Staff]. If the matter still remains unresolved, the prisoner may file a Grievance Report Form ("grievance") with the reviewing authority, which is usually the prison's warden. Finally, a prisoner may appeal the warden's decision to the Administrative Reviewing Authority ("ARA"). "The ruling of the [ARA] . . . is final and [concludes] the internal administrative remedy available to the inmate . . . ."

*Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citations omitted). The record indicates Uzochukwu filed eleven Requests to Staff ("RTS"), and received a response to each. He also received a response to each of the eleven grievances he thereafter filed with the warden of the LCF. There is no indication in the record, however, that Uzochukwu appealed the disposition of his grievances to the ARA. Instead, he attempted to file two "emergency" grievances. ODOC procedures permit an inmate to bypass the informal resolution stage when his

-3-

"complaint alleges irreparable harm or personal injury will occur and which the grievance process will be unable to address in a timely preventative manner." Both grievances were returned to Uzochukwu unanswered based on the determination they were not emergency matters. Although Uzochukwu was instructed to follow the standard grievance process, he did not resubmit the grievances.

This court has held that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. By failing to properly complete the grievance process before filing his § 1983 complaint, Uzochukwu failed to employ the administrative remedies available to him. *See id*. at 1032-33.

The district court's judgment granting Defendants' motion for summary judgment is **affirmed**. Uzochukwu's application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-4-